■     In the Matter of the Claim of MARK DI SUVERO, Respondent, v. DURA-BUILD CONSTRUCTION Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur; Reynolds, J., dissents and votes to reverse and dismiss the claim in the following memorandum: When this case was previously before us we held that " the evidence presented in relation to such other employment, and the earnings derived therefrom, is inadequate to support a finding that claimant did not voluntarily limit his participation in industrial activity " (28 A D 2d 1152, 1153), and in my opinion the testimony produced at the hearing held subsequent to remand does not overcome this inadequacy. The only additional evidence presented was claimant's own self-serving testimony obviously prompted by our prior decision to the effect that he did not think he had voluntarily limited himself in employment. This statement was clearly contradictory to and in conflict with claimant's prior testimony, and when queried about this inconsistency claimant replied " Whenever I got a job — whenever my friends told me of a job and I was able to get labor  *  *  *  I would go and do the job. Other than that, I spent my time doing sculpturing." And, "you have to realize that everybody does the minimal amount to keep themselves alive". While credibility and sufficiency of the evidence are issues for the board, such testimony cannot be said to constitute substantial evidence. The only possible conclusion on the instant record is that claimant voluntarily limited himself from participation in industrial activity to pursue an artistic profession for which remuneration was unstable. Accordingly, I vote to reverse the board's decision.